# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| HELEN FRANZMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:11-CV-362 CAS |
| WYETH, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This removed matter is before the Court on plaintiff Helen Franzman's motion to remand this action to the Circuit Court for the City of St. Louis, Missouri. For the following reasons, the Court concludes that plaintiff's motion to remand should be granted.

This action originally started in state court as plaintiff Franzman and seventeen other plaintiffs jointly filed a petition alleging pharmaceutical torts. Defendant Wyeth moved to sever the seventeen plaintiffs' claims, which the state court granted. Pursuant to the severance order, plaintiff filed an amended petition in state court, naming only herself as a plaintiff, and served defendants by mail. Along with eight other newly-severed plaintiff's cases, defendant removed plaintiff Franzman's case to this Court on February 24, 2011.

In her complaint, plaintiff Franzman asserts several causes of action related to injuries suffered after ingesting the prescription drug Reglan or generic metoclopramide. Plaintiff alleges defendant First Databank, a Missouri corporation, negligently failed to inform her of the risks of taking Reglan. First Databank provides patient education monographs ("PEMs"), typically stapled to a patient's prescription. Generally, PEMs include a detailed description of the prescription, how to take the drug, and possible side effects.

A defendant may remove a state law claim to federal court only if the action could have originally been filed there. Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005). 28 U.S.C. § 1441(b) bars removal on the basis of diversity if any party in interest properly joined and served as a defendant is a citizen of the State in which the action is brought. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005); Motion Control Corp. v. SICK, Inc., 354 F.3d 702, 705 (8th Cir. 2003); Hurt v. Dow Chemical Co., 963 F.2d 1142, 1145-46 (8th Cir. 1992). Defendants bear the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). All doubts about federal jurisdiction should be resolved favoring remand to state court. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

Defendants removed this case asserting that although defendant First Databank is a Missouri citizen, its citizenship should not defeat removal because it has been fraudulently joined.[1] When analyzing a claim of fraudulent joinder, "[a] district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based on the facts involved." Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 811 (8th Cir. 2003). "[A] proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. . . . However, if there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no

---

[1] Defendants also argue First Databank has not been properly served. In a companion case, Farmer v. Wyeth, Inc., Chief Judge Catherine D. Perry concluded that First Databank was previously served in the state case before the case was severed and there was no requirement to formally re-serve First Databank with the amended complaint and summons. See Farmer v. Wyeth, Inc., 4:11-CV-348 CDP at 3-5 (June 17, 2011). Judge Rodney W. Sippel adopted these conclusions in the companion case, Lawson v. Wyeth, Inc., 4:11-CV-364 RWS at 3 n.2 (Aug. 16, 2011). Similarly, I adopt Judge Perry's well-reasoned conclusions regarding service.

fraudulent joinder." Id. at 810 (citations omitted).

The parties agree that Missouri or Kentucky law will apply in this case. Defendants have not cited any legal precedent from either state that would preclude plaintiff Franzman's causes of action against First Databank. In particular, defendants have not cited any Missouri or Kentucky precedent for declining to impose a duty of due care on a publisher of PEMs. On the other hand, plaintiff Franzman cites several theories under Missouri and Kentucky law that would support plaintiff's claims against First Databank. See Pl.'s Mem. in Supp. of Mot. to Remand at 18-22.[2] In addition, in two companion cases removed to this Court, Chief Judge Catherine D. Perry and Judge Rodney W. Sippel also concluded that colorable claims can be made against First Databank under Missouri and Kentucky law arising from the materials it provided to accompany prescriptions of Reglan. See Lawson v. Wyeth, Inc., No. 4:11-CV-364 RWS (Aug. 16, 2011); Farmer v. Wyeth, Inc., 4:11-CV-348 CDP (June 17, 2011).

The Court finds that defendants have not met their burden of demonstrating that applicable legal precedent precludes plaintiff's cause of action, and have therefore failed to establish fraudulent joinder of resident defendant First Databank. Plaintiff's motion to remand should therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Helen Franzman's motion to remand is **GRANTED**. [Doc. 26]

---

[2]Plaintiff's reply brief addresses whether plaintiff has established a colorable basis for imposing liability on defendants Cerner or Express Scripts. Because neither Cerner nor Express Scripts are defendants in this action, the Court will assume that the repeated references to these defendants throughout the thirteen-page reply brief refer to the allegedly fraudulently joined defendant First Databank.

- 3 -

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that defendants' motion for oral argument on plaintiff's motion for remand is **DENIED**. [Doc. 48]

**IT IS FURTHER ORDERED** that all other pending motions in this case are **DENIED without prejudice**. [Docs. 13 and 55]

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of August, 2011.